## HENRY McGUINN v. MICHEL PERI.

Where *one-fourth* of the owners of lots fronting on a street do not join in a memorial to have the street paved, the Common Council have no right to contract for its paving; and such a contract will be invalid against the property-holders.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Whittaker & Fellowes*, for plaintiff and appellant. *Collens & Woolridge*, for appellees.

DUFFEL, J. The required number of the owners of real property fronting on Carrollton Avenue, petitioned the Common Council of the City of New Orleans for the shelling of said Avenue, from Common street to Orleans street, and also for the shelling of Orleans street, from its junction with Carrollton Avenue to the Metairie Road.

The above request was based on the 119th section of the Act of the Legislature approved March 20th 1856, entitled: "An Act to amend an Act entitled 'An Act to consolidate the City of New Orleans, and to provide for the government of the City of New Orleans and the administration of the affairs thereof," p. 136.

The Common Council ordered, by resolution, the shelling of said avenue and street, and the contract was adjudicated to the plaintiff, who, having performed the work, now sues the defendant, who owns a lot fronting on Orleans street, for his quota of the costs of said work.

The memorialists claim to be owners of real property fronting on Carrollton Avenue, and the evidence shows that none of the property holders of Orleans street, which latter street crosses the Carrollton Avenue at right angles, signed the memorial.

The Common Council, acting in virtue of the section 119 above cited, could, under the memorial, only order the shelling of the Carrollton Avenue, for the very obvious reason that, under the City Charter, the Orleans street could not be paved at the expense of the owners of lots front on the same, without a petition to that effect signed by one-fourth of said owners; and we have seen that no such petition was presented.

From our above view of the case, we conclude that the owners of real estate on Orleans street were not bound to take any notice of the petition of the property holders on Carrollton Avenue, and of the action of the City Council thereon; whence it follows, that no right of action lies against the defendant.

It is therefore ordered, that the judgment of the District Court, which is in favor of the defendant, be affirmed, with costs.

LAND, J., absent, concurring.